The Honorable Sheilla E. Lampkin State Representative
350 Rabb Road Monticello, Arkansas 71655-8804
Dear Representative Lampkin:
You have asked for my opinion on a question involving Section 1 ofAct 558 of 2011, which amends A.C.A. § 24-4-402 with regard to contributions made by public employers to the Arkansas Public Employees' Retirement System (APERS). Your request is submitted on behalf of several county employees who apparently returned to work after terminating covered employment for the amount of time required by A.C.A. § 24-4-502 to be eligible for retirement.[1] You have presented their question as follows:
 According to their interpretation of Act 558 of 2011, they must pay into the retirement system even though they have retired once and then returned to work. They feel they will not be entitled to draw two retirements and therefore will not benefit. They are concerned that this second round of payments into retirement may be unconstitutional as they will not be able to benefit from this a second time. *Page 2 
RESPONSE
This concern regarding the constitutionality of Act 558 of 2011 is unfounded, in my opinion, because there is no requirement that these retirants pay contributions. In other words, there is no "second round of payments into retirement" as contemplated by this question.
Act 558 amends A.C.A. § 24-4-402(b) and (c) concerning contributions of state and local government division employers to add a requirement that contributions be made for certain retired members:
 (b)(1) The state employer contributions
shall be a set percentage rate of the compensations of state employees who are active members as well as those retired members who have returned to work under § 24-4-520. The rate of percentage shall be set by the Board of Trustees of the Arkansas Public Employees' Retirement System as provided for by § 24-2-701.
 * * * (c)(1) The employer contributions to be paid by each participating public employer, other than the state, shall be a set percentage rate of the compensations of its employees who are active members as well as those retired members who have returned to work under § 24-4-520. The rate of percentage shall be set by the board as provided for by § 24-2-701.[2]
In accordance with the language emphasized above, employers of "retired members" must make contributions to APERS based on a set percentage rate. Act 558 addresses employer contributions only, and does not require contributions by the retired members. Nor am I aware of any other law that would require contributions by a retired member. "Members' contributions" are governed by A.C.A. § 24-4-401, which clearly provides that such contributions discontinue when "membership terminates": *Page 3 
 The contributions shall be deducted on every payroll, for every payroll period, from the date of the member's entrance into the Arkansas Public Employees' Retirement System to the date his or her membership terminates.[3]
Although Act 558 refers to "retired members," it is clear that membership ceases upon retirement.[4] Accordingly, the requirement that contributions be deducted for "each member"[5] does not apply to those who have retired. It seems clear, moreover, that a reemployed retirant does not again become a "member" of APERS.[6]
In sum, because contributions are not required of persons who have retired and then returned to work, any concerns regarding the constitutionality of Act 558 of 2011 on this account are unfounded, in my opinion.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] With certain exceptions, A.C.A. § 24-4-520 requires that members of APERS "terminate covered employment" to become eligible for retirement benefits, and that they be terminated from employment for a specified period of time in order to meet the termination requirement. A.C.A. § 24-4-520(a) and (b) (Supp. 2009). See also
Acts 2011, No. 40 (defining "terminate" under A.C.A. § 24-4-520 so as to clarify eligibility for retirement) and No. 774 (extending the requisite termination period for certain individuals). Thus, certain retirants may return to employment while receiving retirement benefits.
[2] Acts 2011, No. 558, § 1 (emphasis added).
[3] A.C.A. § 24-4-401(b)(3) (Supp. 2009) (emphasis added.)
[4] A.C.A. § 24-4-304(b)(1) (Supp. 2009) ("Upon a member's retirement, he or she shall cease to be a member.") See also
A.C.A. § 24-4-101(39) (Supp. 2009) (defining "retirant" as "a person receiving a plan annuity be reason of having been a member of [APERS.]" (Emphasis added).
[5] A.C.A. § 24-4-401(b)(6).
[6] "Member" is defined by A.C.A. § 24-4-101(23) (Supp. 2009) as "any person who is included in the membership of [APERS]." After providing that membership ceases upon retirement, A.C.A. § 24-4-304 states: "Except as provided otherwise in this chapter, he or she shall not again become a member." Id. at (b)(2). According to my review, there is no provision in Arkansas Code Title 24, Chapter 4 stating that a reemployed retirant again becomes a "member." Indeed, this is made explicit by newly-enacted legislation.Act 38 of 2011 amended A.C.A. § 24-4-508 (regarding eligibility for benefits) to add a subsection stating: "A member's retirement election is irrevocable except under circumstances as may be permitted by the board by regulation." Acts 2011, No. 38, § 7 (effective July 27, 2011).